UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DENISA SEMENZA OFFORD,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>　　　　Defendant. | Case No. 14-cv-04624-NJV<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 15 |

## INTRODUCTION

Plaintiff, Denisa Semenza Offord, seeks judicial review of an administrative law judge ("ALJ") decision denying her application for disability benefits under Titles II and XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. The decision thus is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. Docs. 6 & 9. Plaintiff filed a Motion for Summary Judgment (Doc. 15), to which Defendant filed a Response (Doc. 16). For the reasons stated below, the court will grant Plaintiff's Motion for Summary Judgment in part and remand the matter back to the ALJ for further proceedings.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial

evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (Id. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (Id. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. *See* AR. 27-38.

At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR. 29.

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433

2

1  F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)).  The ALJ found that Plaintiff
2  suffered the following severe impairments: asthma; posttraumatic stress disorder; depressive
3  disorder; anxiety disorder; and shoulder problems.  AR. 29.

4  At Step Three, the ALJ compares the claimant's impairments to the impairments listed in
5  appendix 1 to subpart P of part 404.  *See* 20 C.F.R. § 416.920(a)(4)(iii), (d).  The claimant bears
6  the burden of showing her impairments meet or equal an impairment in the listing.  *Id*.  If the
7  claimant is successful, a disability is presumed and benefits are awarded.  *Id*.  If the claimant is
8  unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds
9  to Step Four.  *Id*. § 416.920(a)(4)(iv), (e).  Here, the ALJ found that Plaintiff did not have an
10 impairment or combination of impairments that met or medically equaled one of the listed
11 impairments.  AR. 30.  Next, the ALJ determined that Plaintiff retained the RFC "to perform
12 medium work" with several physical, mental, and environmental limitations.  AR. 32.

13 At Step Four, the ALJ determined that Plaintiff was not capable of performing her past
14 relevant work.  AR. 36.  At Step Five, and after consulting with a Vocational Expert ("VE"), the
15 ALJ found that considering Plaintiff's RFC, there were jobs that exist in significant numbers in the
16 national economy that Plaintiff could perform.  AR. 37.  Accordingly, the ALJ found that Plaintiff
17 had not been under a disability from the alleged onset date through the date of the decision.  *Id*.

**ISSUESS PRESENTED**

19 In her Reply (Doc. 21), Plaintiff informed the court that since the filing of the Motion for
20 Summary Judgment, she was granted social security benefits on a subsequent application.  Rep.
21 (Doc. 21) at 1.  Plaintiff had alleged an onset date of August 15, 2008, in her initial application.
22 However, the award on the subsequent application determined the onset date to be April 5, 2010.
23 *See* Report (Doc. 21-1) at 1.  Accordingly, Plaintiff's Motion for Summary Judgment as it relates
24 to the time period after April 5, 2010 is moot.  Thus, Plaintiff focused her Reply only on the
25 period of time between August 15, 2008 and April 5, 2010, which is now the relevant time period.

26 Plaintiff presented three issues for this court's review of the ALJ's decision: (1) whether
27 the ALJ properly rejected the opinion of treating psychologist Dr. Haven;  (2) whether the ALJ
28 erred in rejecting Plaintff's testimony;  and (3) whether the ALJ erred in rejecting the lay

testimony of Gary Franklin.  Pl.'s Mot. (Doc. 15) at 5.  The court will discuss these issues below.

## DISCUSSION

### *The Opinion of Dr. Haven*

Plaintiff argues that the ALJ's rejection of Dr. Haven's opinion was error.  Dr. Haven was Plaintiff's treating psychologist, who treated Plaintiff from December 3, 2012, to May 8, 2013.  *See* AR. 246-72.  On February 6, 2013, Dr. Haven opined on Plaintiff's mental ability to perform work-related activities.  AR. 508-10.  Dr. Haven's assessment included several marked restrictions for work-related mental activities.  *Id*.  The ALJ rejected Dr. Haven's opinion:  (1) as overly restrictive in light of Plaintiff's positive response to psychotropic medicine;  (2) in light of Plaintiff's work activities after the alleged onset date; and (3) due to Plaintiff's predominantly mild GAF scores.

Dr. Haven's opinion is in the form of a medical source statement, which is used to determine a claimant's ability to work despite their impairments.  Dr. Haven's medical source statement does not opine on Plaintiff's past abilities to work, nor does it state that it is relevant to any prior time period.  In cases where courts have found a medical source statement relevant to an earlier time period, there has been an indication in the statement that the assessment encompassed an earlier time period.  *See e.g. Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (finding a medical source statement relevant because it indicated that the assessment encompassed the period from the date of disability onset through the date of the evaluation).  No such statement or indication is made in Dr. Haven's assessment.  In addition, Plaintiff does not, in her Reply, explain how a medical source statement from 2013 would be relevant in determining disability for the now relevant time period which was three to five years prior.  Thus, Dr. Haven's opinion is not relevant to the time period in question.  *See e.g. Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (finding "no evidence in the record from an appropriate medical source *during the relevant time period*") (emphasis added).  Even were the court to assume error in the ALJ's rejection of Dr. Haven's opinion, such error became moot when the new disability determination was made.  Accordingly, Plaintiff's request for summary judgment as to this issue is denied.

### *Rejection of Plaintiff's Testimony*

Plaintiff argues that the ALJ's rejection of Plaintiff's testimony regarding the limiting effects of her impairments was error. Specifically, Plaintiff attacks the ALJ's reliance on Plaintiff's prior work activities, and the ALJ's finding that Plaintiff's mental symptoms were effectively managed with counseling and medication.

With regard to the prior work activities, the ALJ found that Plaintiff's prior work as an In-Home Supportive Services ("IHSS") provider for a terminally ill woman was inconsistent with Plaintiff's allegations that she could not perform basic household chores as enumerated in her Function Report dated April of 2012. Plaintiff argues that this was error because her testimony indicates that her work did not involve such chores. The court will discuss this issue below as it relates to the rejection of Gary Franklin's testimony.

As to the ALJ's finding that the Plaintiff's mental symptoms were effectively managed with counseling and medication, the court can find no error related to the relevant time period. In her Reply, Plaintiff makes much of the ALJ's and Defendant's discussions of Plaintiff's GAF scores. To be clear, the ALJ did not rely on Plaintiff's GAF scores in making her determination. Instead, what the ALJ stated in regard to the credibility determination was that Plaintiff's "mental symptoms were effectively managed with counseling and medication, which is supported by her low GAF scores and positive response to treatment." AR. 34. The GAF scores, along with the positive response to treatment, were referenced as evidence of the effective management of Plaintiff's mental symptoms through counseling and medication.

It is important to note that these counseling and medication records relate to later time periods than the now relevant time period. The ALJ specifically, discussed the lack of mental health treatment notes in the period between July of 2009 and September of 2011. In July 2009, Plaintiff was diagnosed with depression and anxiety disorder. In 2011, following treatment and medication, Plaintiff reported that she was feeling better and reported no distress. *See* AR. 314-20. Other than those treatment notes, there is a lack of mental health treatment records during the relevant time period. The court finds no error in the ALJ's reliance on the lack of treatment records, because "[t]he ALJ is permitted to consider lack of treatment in h[er] credibility

determination." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Further, Plaintiff fails to point to any other evidence during the relevant time period regarding her allegations of mental impairments to undermine the ALJ's determination. Accordingly, the Plaintiff's request for summary judgment as to the ALJ's credibility determination of Plaintiff's testimony regarding her mental impairments is denied.

### *The Weight of Gary Franklin's Testimony*

Plaintiff argues that the ALJ failed to present legitimate reasons for assigning little or no weight to the testimony of lay witness Gary Franklin. In her decision, the ALJ found the "allegations made by Mr. Franklin to be unpersuasive." AR. 35. The ALJ made that determination after finding that: (1) lay witnesses are not considered medical or vocational experts and (2) Mr. Franklin's statements appear "to be mere extensions of the claimant's own allegations (Hearing Testimony)," and a "[r]ephrasing or reassertion of the Claimant's own allegations, in a different format, is not a basis for a finding of disability." AR. 35. The ALJ then stated that for the same reasons that she found Plaintiff's allegations inconsistent with the record, so too were Mr. Franklin's allegations unpersuasive. *Id*.

First, Plaintiff correctly points out that the first finding is self-evident and that Mr. Franklin's testimony was not offered as medical opinion. Rather, Mr. Franklin testified about Plaintiff's activities of daily living. Second, Plaintiff correctly points out that Mr. Franklin's testimony could hardly be a rephrasing of, or an extension of, Plaintiff's hearing testimony when Mr. Franklin's statement was made more than a year and five months prior to Plaintiff's hearing testimony.[1]

As to the ALJ's rejection of Mr. Franklin's allegations for "the same reasons" the ALJ found Plaintiff's allegations of disability inconsistent with the record, the court finds error. Mr. Franklin's testimony was in the form of a "function report" which only concerned Plaintiff's activities of daily living. AR. 262-69. Thus, when the ALJ found Mr. Franklin's testimony inconsistent with the record for "the same reasons" the ALJ found Plaintiff's testimony incredible,

---

[1] Mr. Franklin's statements were made April 8, 2012, and the hearing was held September 12, 2013.

the ALJ must have been referring to Plaintiff's allegations regarding her activities of daily living as set forth in her function report of April, 2012.  As stated above, the ALJ found those statements inconsistent because of Plaintiff's work as an IHSS provider.  While that work was done outside of the relevant time period, Mr. Franklin's testimony included the relevant time period.  *See* AR. 262-69 (stating that Mr. Franklin had known Plaintiff for 5 years and that the allegations apply to the entirety of their relationship.).  Because the ALJ's rejection of Mr. Franklin's testimony was based on the ALJ's rejection of Plaintiff's testimony, the court must now look to the rejection of Plaintiff's testimony.

The court finds that the rejection of Plaintiff's testimony regarding her ability to perform basic work functions was error.  The ALJ's finding that Plaintiff worked as an IHSS provider for an elderly terminally ill woman is based on Plaintiff's medical records, not on employment records, or on a statement regarding employment activities, or even on an evaluation of the position as it relates to work activities.  Specifically, the ALJ cites to Plaintiff's June 1, 2011 visit to the Humboldt Open Door Clinic, wherein the healthcare provider noted that Plaintiff complained of "[i[ncreased anxiety caring to BF's elderly mother." AR. 329.  That report also notes that Plaintiff was currently living in the elderly woman's garage.  *Id*.  The ALJ also cites to Exhibit 2F p.32.  This page has no information related to Plaintiff's employment as an IHSS worker.  In fact, the next page includes a note that Plaintiff was "trying to apply for jobs," which would undermined the notion that the IHSS work at that time was employment.  In November 2011, Plaintiff reported that she was working as a caregiver and that she was depending on her partner for financial needs.  Exhibit 2F p.36-40.  Next, the ALJ cites to Plaintiff's records from the North County Clinic.  Here again, these medical treatment notes do not describe the work activities involved in Plaintiff's self-reports of work as an IHSS provider.  For example, on May 8, 2013, the healthcare provider noted that Plaintiff was caring for an elderly woman, but the only duty described was Plaintiff stating that she was attempting to prevent the elderly woman from falling.  AR. 514.  Those same treatment notes discuss Plaintiff's difficulties with self-care, including poor eating habits.  *See e.g*. AR. 521.  None of these treatment notes sufficiently describe Plaintiff's work activities in her capacity as a care-giver sufficient enough to be used as a

7

1  basis to undermine Plaintiff's testimony in the function report. When asked to summarize
2  Plaintiff's past relevant work, the VE only listed Plaintiff's previous work as a cashier. Thus, VE
3  apparently did not find sufficient work activities associated with this position to include it in his
4  opinion.
5        Further, at the hearing, the ALJ questioned Plaintiff as to her duties in regard to the elderly
6  woman. Plaintiff testified that she had no role in taking care of the woman other than being "just
7  there," and that when the woman's son made the woman dinner or lunch and he was not available,
8  Plaintiff might have had to "hand her her [sic] plate." AR. 63. In addition, Plaintiff stated that she
9  might have to sit "in with [the elderly woman] while she is sleeping and stuff," and that Plaintiff
10 did not cook, clean, do laundry, dishes or go grocery shopping. AR. 63-64. Considering the
11 evidence of record the court finds that the ALJ's reasons for rejecting Plaintiff's allegations
12 regarding her ability to do daily chores are not supported by substantial evidence. Therefore,
13 because the court finds error in the ALJ's rejection of Plaintiff's testimony regarding her activities
14 of daily living, the court finds that the rejection of Mr. Franklin's testimony is not supported by
15 substantial evidence.
16       The Commissioner urges the court to affirm the ALJ's decision despite any error in the
17 rejection of Mr. Franklin's testimony, as "any oversight in the ALJ's treatment of third-party
18 testimony, would not have affected the ALJ's determination." Def.'s Br. (Doc. 16) at 10. The
19 Commissioner offers that "the lack of corroborating medical evidence alone would have been
20 sufficient to discredit Mr. Franklin's statements." *Id*. (citing *Bayliss v. Barnhart*, 427 F.3d 1211,
21 1218 (9th Cir. 2005)). However, the *Bayliss* decision applies where the third party's statements
22 are inconsistent with the record. Here, there is no inconsistency with the evidence of record
23 regarding Plaintiff's activities of daily living. While the ALJ rejected Plaintiff's complaints of
24 mental impairments based on the lack of treatment notes, as to the activities of daily living, the
25 ALJ specifically pointed to the employment as an IHSS worker. The court cannot apply a "lack-
26 of-treatment records" rationale to the rejection of Plaintiff's ability to perform household chores,
27 especially where there is corroborating testimony of record.
28       Moreover, because of the way in which the ALJ rejected Mr. Franklin's testimony in this

case, there are two errors: the ALJ's rejection of Plaintiff's allegations and the rejection of Mr. Franklin's. Plaintiff stated in her function report that her limitations had been in place since the beginning of her illness, which the court takes to mean since the alleged onset date. Thus, the allegations in her function report as to the relevant time period have not been addressed as well.

More importantly, as evident from the discussion above, and as acknowledged by the ALJ, there is scant evidence in this case concerning the relevant time period. Plaintiff and Mr. Franklin's testimony are almost the only pictures of Plaintiff's abilities to perform basic activities of daily living during the relevant time period. Therefore, proper consideration of those statements is important. It is possible that the ALJ could still reject the testimony, but it is not for this court to divine the possible reasons, which might require the consult of a VE or medical expert. It is just as possible for the ALJ to accept the testimony and that acceptance may have implications regarding Plaintiff's ability to work during the relevant time period.

## CONCLUSION

Accordingly, and for the reasons stated above, it is ORDERED that the Motion for Summary Judgment is Granted in part and Denied in part. The court hereby REMANDS this matter for the ALJ to reconsider the testimony of Plaintiff and Gary Franklin with regard to Plaintiff's ability to perform basic activities of daily living during the relevant time period.

**IT IS SO ORDERED**.

Dated: January 20, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge